UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Michael Trupei,
R12743-004
FCC-Coleman Medium Security Prisons
P.O. Box 1032
Coleman, Florida 33521-1032,
    Plaintiff,

vs.

DRUG ENFORCEMENT ADMINISTRATION and
OFFICE of INFORMATION and PRIVACY,
U.S. DEPARTMENT of JUSTICE, et al.,
    Defendant(s).

Civil Action No.: _____

Trial by Jury Demanded

CASE NUMBER 1:06CV01162

JUDGE: Paul L. Friedman

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 06/26/2006

*JURY ACTION*

COMPLAINT for DECLARATORY and INJUNCTIVE
RELIEF, **VERIFIED**

    COMES NOW the Plaintiff Michael Trupei ("Plaintiff"), appearing specially and not generally and hereby complaining under Freedom of Information Act ("FOIA"), Title 5 U.S.C. § 552, as amended, and Privacy Act of 1974 ("PA"), Title 5 U.S.C. § 552a, as amended, against the DRUG ENFORCEMENT ADMINISTRATION ("DEA") and OFFICE of INFORMATION and PRIVACY ("OIP"), U.S DEPARTMENT of JUSTICE, et al., for failing to respond to Plaintiff's initial FOIA request and thereafter to his administrative appeal for a document requested therein. Thus, Plaintiff complains against the above named Defendants and alleges as follows:

    Plaintiff, an inexperienced layperson seeks liberal interpretation of this/his complaint and invokes Haines v. Kerner, 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct. 594 (1972) (**pro-se**, litigants are to be held to a lesser standard than lawyers).

**Jurisdiction:**

    **(1)** This Honorable Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 (Federal Question Jurisdiction) over lawsuits brought forth to enforce the FOIA/PA statutes.

RECEIVED
JUN 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

1

**Venue**

(2) Venue is proper in this Court under Title 28 U.S.C. § 1391(b) because jurisdiction is not founded solely upon diversity of citizenship, and Defendants reside, or are located in this district and elsewhere.

**Parties to this action**

(3) The Plaintiff is a federal prisoner at FCC-Coleman Medium Security Prison, Coleman, Florida. He is particularly concerned about the Defendant(s) non-response to the Plaintiff's initial FOIA/PA request dated June 5th, 2005, (See exhibit-A, attached hereto) and thereafter once again had failed to respond to Plaintiff's administrative appeal. (See exhibit-B, attached hereto).

(4) The Defendants are at all material times hereto a part of the Federal Corporration, ens legis, as chartered on February 21st, 1871[1] or otherwise found under 28 U.S.C. § 3002(15)(A)(B) and (C) and existing in District of Columbia and elsewhere, whereby they failed to honor or otherwise to respond to Plaintiff's requested record/document under FOIA. KATHERINE L. MYRICK is the Chief of Operation Unit at "DEA" and RICHARD. HUFF is a Co-Director at "OIP".

**Statutory Framework and Facts Giving Rise to Plaintiff's Claims for Relief**

Title 5 U.S.C. §§ 552(a)(6)(A)(i) and (ii) state as follow:

(i) Determine within 20 days (excepting Saturdays, Sundays and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and

(ii) make determination with respect to any appeal within tenty days (excepting Saturday, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection. 5 U.S.C. § 552(a)(6)(A)(ii), as amended.

---

[1] The Legislative Act of February 21st, 1871, Congressional Record, Forty-First Congress, Session III, Chapter 62, p., 419, a chartered federal company entitled "UNITED STATES,' i.e., "UNITED STATES [1871]," a/k/a "U.S. Inc."

## FACTS

(5) By letter-request sent via U.S. Mail, first class, on June 5th, 2005 upon "DEA" 700 Army/Navy Drive, Arlington Virginia, VA 22202, Plaintiff requested a "letter of appointment" under 5 U.S.C. § 2105, pertaining to S/A DEA, Mark J. Bumar.

(6) Defendant(s) "DEA" failed to acknowledge the receipt of Plaintiff's FOIA/PA request of June 5th, 2005, thereby violating the statutory 20 days response provision under 5 U.S.C. § 552(a)(6)(A)(i), as amended. This Honorable Court is respectfully referred to exhibit-A, attached hereto for a true and correct statement of its contents.

(7) By letter delivered via U.S. Mail dated July 10th, 2005, certified return receipt requested upon Defendant(s) Office of Information and Privacy ("OIP"), Plaintiff appealed DEA's non-response of his erstwhile FOIA/PA request of June 5th, 2005, where the "OIP" likewise failed to answer Plaintiff's administrative appeal as required under 5 U.S.C. § 552(a)(6)(A)(ii). This Honorable Court is respectfully referred to exhibit-B, attached hereto for a true and correct statement of its contents.

## CLAIMS

**First Claim for Relief**
Violation of due process:

(8) Plaintiff realleges all of the allegations contained in paragraphs (1) through (7) above, as fully set forth herein.

(9) From on or about June 5th, 2005 to the present time, Defendant(s), particularly "DEA" had failed to respond to the Plaintiff's requested records under FOIA/PA, namely the "letter of appointment" pertaining to S/A DEA, Mark J. Bumar, as that non-response constitutes a violation of 5 U.S.C. § 552(a)(6)(A)(i), as amended, as well as Plaintiff's administrative due process.

**Second Claim for Relief**
<u>Dereliction of duty</u>:

(10) The Plaintiff realleges all of the allegations above and incorporates paragraphs (1) through (7), as if fully set forth herein.

(11) From on or about July 10th, 2005 to the present time, Defendant(s) by and through their agents, contract/employee, and/or staff, particularly "OIP" had intentionally and/or willfully failed to respond to Plaintiff's administrative appeal, which was subject to his initial FOIA/PA request to the "DEA", requesting the disclosure of a public record, namely "<u>letter</u> of <u>appointment</u>" under 5 U.S.C. § 2105, (<u>see</u> <u>exhibit-B</u>, attached hereto). This non-response violates the provisions of the applicable time limit under 5 U.S.C. § 552(a)(6)(A)(ii). As such, Defendants are injuring Plaintiff by and through their stay, delay, obstruction and non-response, and that injury is continuing to injure Plaintiff by further staying, delaying, obstructing and non-responding to the requested and non-exempt record(s), which is consistent with <u>dereliction</u> of <u>duty</u> to respond and thereafter disclose the sought record to the Plaintiff under the FOIA statutes.

**Third Claim for Relief**
<u>Fraud and deceit</u>:

(12) The Plaintiff realleges all of the allegations contained in paragraphs (1) through (7) above.

(13) That the Defendants by and through their agents, contract-employee(s), and/or staff, had knowingly and willfully failed to answer Plaintiff's FOIA/PA request for the production of the "<u>letter</u> of <u>appointment</u>" pertaining to Mark J. Bumar, which is consistent under <u>U.S. v. Tweel</u>, 550 F.2d 297 (1977) where that court held that: "silence is equated with fraud." <u>Id</u>. Under the facts herein already established, however, not only the Defendant(s) prejudiced the Plaintiff, but their ongoing <u>modus</u> <u>operandi</u> constitutes <u>fraud</u> and <u>deceit</u> which causes Plaintiff injury and further harm.

**Fourth Claim for Relief**

<u>Breach of Contract:</u>

**(14)** The Plaintiff realleges all of the allegations contained in paragraphs (1) through (12) above, as if fully set forth herein.

**(15)** That the Defendants by and through their agent(s), contract-employee(s), and/or staff, had in all material times to this action, willfully and knowingly with malice aforethought breached the contract with Plaintiff by way of their intentional and willful non-response to the Plaintiff's FOIA/PA request of June 5th, 2005 and thereafter to his administrative appeal of July 10th, 2005, wherein Plaintiff requested the disclosure of the "<u>letter</u> of <u>appointment</u>" under § 2105 of Title 5 U.S.C, pertaining to S/A DEA Mark J. Bumar, which denotes whether the named S/A has legally and/or lawfully been appointed thereto. In so doing, Defendants are violating the contractual agreement between the Plaintiff and Defendants, causing Plaintiff injury and harm, and that harm is continously injuring and harming Plaintiff all because of the Defendants' non-response and/or non/production of the non-exempt and sought document under FOIA/PA statutes, and therefore, Plaintiff has been damaged.

## PRAYERS for RELIEF

The Plaintiff has brought forth his claims for relief and prays that this Honorable Court enter and order the following:

**(a)** Ordering Defendants to produce the requested "<u>letter</u> of <u>appointment</u>" that Plaintiff has sought and is still seeking it; and

**(b)** declaring the Defendants' refusal to answer the Plaintiff's FOIA/PA request for the "<u>letter</u> of <u>appointment</u>" is constitutionally under First Amendment and statutorily under 5 U.S.C. § 552(a)(6)(A)(i) and (ii) unlawful and/or illegal; and

**(c)** issue an injunctive order, both mandatory and prohibitory, restraining the Defendants from retaliating or threatening against Plaintiff for exercising this/his complaint upon agent(s), attorney(s) and person(s) acting in concert with one another from any and all future act(s), which directly or indirectly violates or may tend to violate the civil, Constitutional, statutory or otherwise universal right of Plaintiff; and

**(d)** because of this non-compliances or otherwise violations of Congressionally enacted FOIA/PA's response provisions, the Defendants are injuring Plaintiff and said injury will continue to injure him by ongoing non-production of the record(s) or alternatively non-responses to his request for same, as well as litigating this cause, entitles the Plaintiff to monetary damages with interest in the amount of $ 250,000.00 (two hundred and fifty thousand United States dollars); and

**(e)** award Plaintiff the costs of this action, including but not limited to a reasonable and necessary expense of litigating this action, as provided by law of commerce, together with post judgment interests; and

**(f)** Plaintiff also reserves his right to amend this/his Complaint as needed; and grant him such other and further relief as this Honorable Court deem just, equitable and proper.

Respectfully submitted,

_____
Michael Trupei <u>pro se</u>

### CERTIFICATE of SERVICE

I, Michael Trupei hereby certify that this/my FOIA/PA Complaint has been forwarded via U.S. Mail, first class and certified, return receipt requested as follows:

United States Attorney
Judiciary Center Building
Civil Division
555 4th, St., N.W.,
Washington, D.C. 20530

_____
Michael Trupei <u>pro se</u>

Sworn to and Subscribed
before me on this __6__, day of
__June__, 200 _6_

NOTARY PUBLIC-STATE OF FLORIDA
Jarvis C. Lovett
Commission # DD395091
Expires: FEB. 09, 2009
Bonded Thru Atlantic Bonding Co., Inc.

_Jarvis C. Lovett_  My Commission Expires: __Feb. 09, 2009__
NOTARY PUBLIC

EXHIBIT-A

RESPONDENT:

Freedom of Information Operation Unit
Drug Enforcement Administration
Department of Justice
700 Army/Navy Drive
Arlington, VA 22202

REQUESTER:

Michael Trupei pro se
R12743-004
Federal Correctional Complex
P.O. Box 1031
Coleman, Florida 33521-1031

Re: Request for a certified copy
of the "Letter of Appointment"
pursuant to S/A DEA, Mark J. Bumar

June 5, 2005

"FOIA" REQUEST
VERIFIED

Under the provisions of Title 5 U.S.C. § 552, as amended and Privacy Act of 1974 (PA), Title 5 U.S.C. § 552a, as amended, the requester hereby requests for a judicially certified copy of the following document:

The "Letter of Appointment" in accordance with the appointment clause provided for in the Federal Constitution (Art II, § 2, cl 2) or otherwise under statutory sense of Title 5 U.S.C. §§ 2104 or 2105 or pursuant to Title 1 U.S.C. § 1, subject to and in support with S/A DEA, Mark J. Bumar's "Appointment Affidavit," as it was executed on May 20th, 1974 describing Mark J. Bumar as a "criminal investigator GS-1811-7 at Department of Justice Drug Enforcement Administration, NY Region, 555 West 57 Street, New York, NY" whereby as a front matter and within thirty (30) days (5 U.S.C. § 3332) prior to the effective execution of the "Appointment Affidavit," a written indicia via "Letter of Appointment" is/was required confirming that S/A DEA, Mark J. Bumar met the standards of the constitutional appointment thereto.

This agency is required by law under 5 U.S.C. § 2906 to maintain the above requested "Letter of Appointment" on file.

The Requester expects that the Respondent answers this request within the statutory time limit of twenty (20) working days from the date of the receipt of this request, or alternatively under 5 U.S.C. § 552(a)(6)(A)(i), as amended. Should the Respondent fail to obey the foregoing response provisions, the Requester will deem this Request denied and will proceed under 5 U.S.C. § 552(a)(6)(C), even though the Requester has not filed an administrative appeal, in a court of competent jurisdiction. See generally Pollack v. Department of Justice, 49 F.3d 115, 118-19 (4th Cir.1995)("[A] requester who has not received a timely notice of the agency's decision, as required by 5 U.S.C. § 552(a)(6)(A)(i), may proceed immediately in court to enforce a FOIA request without exhausting any administrative remedies.") Pollack at 119.

Inasmuch as this request for the "Letter of Appointment" is in the "public interest" in that, the public is entitled to know the functioning of its Government on a day-in-day-out basis. Therefore, the Requester requests that Respondent waives all fees, costs, and or charges.

The Requester trusts that this suffices to his request!

NOTICE TO THE AGENT IS THE NOTICE TO THE PRINCIPAL, NOTICE TO THE PRINCIPAL IS THE NOTICE TO THE AGENT!

Sincerely,

*Michael Trupei*
Michael Trupei pro se

06 1161
FILED
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DECLARATION

Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby declare or state under penalty of perjury that the above request is to the best of my knowledge, true and correct.

Done on: June 5-04, 200 5        Signed: *Michael Trupei*
                                         Michael Trupei pro se

| RESPONDENT: | APPELLANT: |
|---|---|
| CO-Director | Michael Trupei <u>pro se</u> |
| Office of Information and Privacy | R12743-004 |
| FLAG Building | Federal Correctional Complex |
| Suite 750 | P.O. Box 1031 |
| Washington, D.C. 20530 | Coleman, Florida 33521-1031 |

Re: Appeal for a <u>certified</u> copy of
    the "**Letter of Appointment**"
    pursuant to S/A DEA, Mark J. Bumar.

July 10, 2005

## "FOIA" APPEAL
### VERIFIED

<u>Good Morning Disclosure Officer</u>:

    Once again, the Federal Drug Enforcement Administration (DEA) failed to respond to the Appellant's Freedom of Information Act (FOIA) and Privacy Act of 1974 (PA) request under 5 U.S.C. § 552(a)(6)(A)(i), as amended, and dated June 5, 2005. (See <u>exhibit-A</u>, attached hereto).

    Because of the violation of the above statute, the Appellant hereby appeals to this office for the production of the requested "<u>letter of appointment</u>" pursuant to S/A DEA **Mark J. Bumar**. (See <u>exhibit-A</u>, attached hereto).

    If the Respondent fails to answer the Appellant's appeal within the statutory response provisions of twenty (20) working days from the receipt of the administrative appeal, or under 5 U.S.C. § 552(a)(6)(A)(ii), as amended, the Appellant will consider this/his appeal denied and will promptly file a civil action under Title 42 U.S.C. § 1981, <u>et seq.</u>, in a court of competent jurisdiction, both to demand the production of the records/documents (Letter of Appointment) and seek damages for the non-response. The Appellant further states that there is no more time allowed within the meaning of the § 552(a)(6)(A)(ii), as amended.

    Wherefore, the Appellant expects that the Respondent replies to this appeal within the time-frame governed by the statute, and please do so in a verified form.

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL,
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT!

06 1161

Sincerely,

*[signature]*
Michael Trupei <u>pro se</u>

**FILED**

JUN 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### VERIFICATION

    Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby verify or state under penalty of perjury that the above "FOIA Appeal" is to the best of my knowledge, true and correct.

Done on: ___July 10th___, 200_5_    Signed: *[signature]*
                                                                        Michael Trupei <u>pro se</u>