UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL TRUPEI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-1162 (PLF) |
| | ) |
| DRUG ENFORCEMENT | ) |
| ENFORCEMENT AGENCY, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Drug Enforcement Administration, Office of Information and Privacy, and the Department of Justice respectfully move this Court for summary judgment because there are no material issues of fact and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In support of the said Motion, Defendants refer the Court to the attached Memorandum of Points and Authorities, the Declaration of Leila I. Wassom, and the accompanying exhibits.

*Pro se* Plaintiff Michael Trupei should take notice that any factual assertions contained in the affidavits and other attachments in support of Defendants' motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein. Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be

>     attached thereto or served therewith.  The court may permit
>     affidavits to be supplemented or opposed by depositions, answers
>     to interrogatories, or further affidavits.  When a motion for
>     summary judgment is made and supported as provided in this rule,
>     an adverse party may not rest upon the mere allegations or denials
>     of the adverse party's pleading, but the adverse party's response, by
>     affidavits or as otherwise provided in this rule, must set forth
>     specific facts showing that there is a genuine issue for trial.  If the
>     adverse party does not so respond, summary judgment, if
>     appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

    A statement of material facts not genuinely in dispute and draft order are also filed herewith.

Dated: October 18, 2006.                        Respectfully Submitted,

                                               /s/   Jeffrey A. Taylor
                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                  United States Attorney

                                               /s/    Rudolph Contreras
                                  RUDOLPH CONTRERAS, D.C. BAR #434122
                                  Assistant United States Attorney

                                             /s/   John C. Truong
                                  JOHN C. TRUONG, D.C. BAR #465901
                                  Assistant United States Attorney
                                  555 Fourth Street, N.W.
                                  Washington, D.C.  20530
                                  (202) 307-0406

                                  Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL TRUPEI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-1162 (PLF) |
| | ) |
| DRUG ENFORCEMENT | ) |
| ENFORCEMENT AGENCY, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**.

*Pro se* Plaintiff Michael Trupei files this lawsuit under the Freedom of Information Act ("FOIA") seeking a "a letter of appointment" of Mark J. Bumar, a former Special Agent of the Drug Enforcement Administration.  As shown below, Defendants do not have the requested document.  Specifically, because Mr. Bumar retired from federal service in February 2003, his records were sent to the National Personnel Record Center "(NPRC"), St. Louis, MO, in March 2005.  Mr. Trupei, however, did not submit his FOIA request for S/A Bumar's record until June 2005, three months after S/A Bumar's records were sent to the NPRC.  For these reasons, the Court should grant Defendants' Motion for Summary Judgment and dismiss this case with prejudice.

**II.    Background**

*Pro se* Plaintiff Michael Trupei is no stranger to FOIA litigation in this jurisdiction.  In fact, since 1998 Mr. Trupei has filed three FOIA lawsuits seeking various documents, including

1

the oath of office of retired Special Agent Mark J. Bumar.[1]  This case is Mr. Trupei's fourth FOIA lawsuit, which seeks a copy of retired Special Agent Mark J. Bumar's "letter of appointment."  See Compl. at ¶ 5 (Pl. Exh. A).

In 1989, Mr. Trupei was arrested and convicted of conspiring to possess phynylacetone (P-2-P) with intent to distribute and to manufacture and distribute methamphetamine.  See also Trupei v. Huff, 1998 WL 8986, at *1 (D.D.C. Jan. 7, 1998) (Kessler, J.).  As a result, Mr. Trupei currently resides at the Coleman Medium Security Prison, in Coleman, Florida.

On April 11, 2005, Mr. Trupei filed a FOIA request seeking a variety of documents, not at issue here.  Declaration of Leila I. Wassom ("Wassom Decl.") at ¶ 6.[2]  The April 2005 FOIA request was assigned DEA FOIA Request No. 05-0932.  Wassom Decl. at ¶ 6.  On June 5, 2005, Mr. Trupei submitted a FOIA request seeking a copy of the "letter of appointment" of DEA Special Agent Mark J. Bumar ("June 2006 FOIA request").  Wassom Decl. at ¶ 7 and Gov. Exh. B.  Upon receipt of the June 2005 FOIA request, Defendant placed it with Mr. Trupei's April 11, 2005 FOIA request.  Wassom Decl. at ¶ 9.  Therefore, both Mr. Trupei's April 2005 and June 2005 FOIA requests were given the same DEA FOIA Request Number (i.e., No. 05-932.)

Not having heard from the DEA on his June 2005 FOIA request, on July 10, 2005, Mr.

---

[1]  See also Trupei v. Huff, 1998 WL 8986 (D.D.C. Jan. 7, 1998) (Kessler, J.) (FOIA request seeking documents pertaining to plaintiff); Trupei v. FAA, 2005 WL 3273558 (D.D.C. Sept. 12, 2005) (Sullivan, J.) (FOIA request seeking oaths of office, officer affidavits, and fidelity bonds); Trupei v. DEA, 2005 WL 3276290 (D.D.C. Sept. 27, 2005) (Sullivan, J.) (FOIA request seeking Special Agent Mark Bumar's oath of office and officer affidavits).

[2]  In fact, Mr. Trupei filed two separate FOIA requests on April 11, 2005.  The "other" April 11, 2005 FOIA request sought documents pertaining to Detective Thomas Tiderington and Dectective Alfred J. Scotti.  Wassom Decl. at ¶ 6 n.1.  This "other" April 11, 2005 FOIA request is assigned DEA FOIA Request No. 05-931.  Id.

Trupei appealed to the Office of Information and Privacy ("OIP").  Wassom Decl. at ¶ 11 & Gov. Exh. E.  In response, on August 1, 2006, the OIP – referencing Mr. Trupei's DEA FOIA Request No. *05-931* – indicated that the DEA had already responded to Request No. 05-931.  Wassom Decl. at ¶ 13 & Gov. Exh. G.  However, it appears that Defendants never responded to Mr. Trupei's June 2005 FOIA request for the "letter of appointment" (which is now part of DEA FOIA Request No. 05-932).  Wassom Decl. at ¶ 15.

Subsequently, on June 26, 2006, Mr. Trupei filed this action seeking S/A Mark J. Bumar's letter of appointment.  Upon receipt of Mr. Trupei's Complaint, on September 5, 2006, Defendant mistakenly informed Mr. Trupei that the DEA had not received his June 2005 FOIA request.  Wassom Decl. at ¶ 17 n.8 & Gov. Exh. I.  In that same letter, the DEA also informed Mr. Trupei that it searched for responsive information but the requested information, if it exists at all, was sent to the National Personnel Records Center, St. Louis, MO.  Gov. Exh. I.  After sending out the September 5th letter, the DEA found Mr. Trupei's June 2005 FOIA request.  However, the fact remains that, after receipt of Mr. Trupei's Complaint (which attached his June 2006 FOIA request), the DEA conducted a "query of the DEA personnel records system."  Wassom Decl. at ¶ 16.  The search revealed that S/A Bumar retired from federal service on February 22, 2003, approximately 32 months before Mr. Trupei filed his June 2005 FOIA request.  Wassom Decl. at ¶ 16.  Upon S/A Bumar's retirement, his records were sent to the National Personnel Records Center, in St. Louis, MO, on March 14, 2005.  Wassom Decl. at ¶ 16.

**III.    Summary Judgment Standard of Review**

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).   In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587.  The mere existence of a factual dispute, however, will not defeat summary judgment.  The non-moving party must show that the dispute is genuine and material to the case.  That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party. Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. at 323 (citations omitted).

Mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997).  Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment. See Lujan v. National Wildlife

Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

IV.     **Argument**

        1.    **Defendants Have Not Withheld Documents From Mr. Trupei.**

To prevail in a FOIA case, Mr. Trupei must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989), quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980); see 5 U.S.C. § 552(a)(4)(B). To obtain summary judgment in its favor, the agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records. Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the absence and discoverability of documents. Safeguard Servs., Inc. v. Securities & Exchange Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991). The issue is not whether there might exist any other records possibly responsive to the request, but rather whether the actual search for responsive records was reasonable. Id.; Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986). The agency can establish the reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and made in good faith. Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d 121, 125-26 (D.C. Cir. 1982). As long as the agency submits detailed affidavits showing the scope and method of the search, then, in the absence of countervailing evidence, or apparent inconsistency of proof, dismissal or summary judgment is

appropriate in its favor.  Perry v. Block, 684 F.2d at 127.

The agency's search should be reasonably calculated to uncover all responsive records. Weisberg, 745 F.2d at 1485.  Therefore, an agency should search those offices or components reasonably likely to have responsive records.  Knight v. Food & Drug Admin., 938 F. Supp. 710, 716 (D. Kan. 1996).  The FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request when responsive documents are likely to be located in one place.  Marks v. United States Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978).  Nor does the FOIA require that an agency search every record system.  Oglesby v Dep't. of Army, 920 F.2d at 68.  Furthermore, the agency is not required to speculate about potential leads to the location of the responsive documents.  Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996); see also Kinard v. Dep't of Justice, 2006 WL 1774366 (D.D.C. June 27, 2006).

In Kinard, plaintiff filed a FOIA action against the U.S. Department of Justice seeking an Assistant U.S. Attorney's ("AUSA") oath of office.  Id. at *3.  The court granted summary judgment in defendant's favor and held that defendant did not have the requested document.  Id. In doing so, the court found that upon the AUSA's termination from federal service his personnel file was sent to the NPRC, in St. Louis, MO.  The court also found that defendant conducted a good faith search for the responsive document but did not find any.  Based on this finding, the court concluded that defendant has fulfilled its obligations under the FOIA.

This case is similar to Kinard.  Here, the DEA made a query of the "DEA personnel records system" for S/A Bumar's "oath of office" but did not find the document.  Wassom Decl. at ¶ 16.  Specifically, after S/A Bumar retired in February 2003 his personnel files were

6

forwarded to the NPRC, in St. Louis, MO, in March 2005. Mr. Trupei did not seek S/A Bumar's oath of office until three months after his files were sent to the NPRC. In fact, the DEA informed Mr. Trupei that the "oath of office," if it exists, would be found in S/A Bumar's personnel file, which was sent to the NPRC. See Gov. Exh. I.

Given these facts, it is clear that the DEA no longer has S/A Bumar's oath of office or any of his employment or personnel files. Accordingly, the Court should find that the DEA's search was adequate under the circumstances and should also conclude that the DEA has not withheld responsive documents from Mr. Trupei.[3]

### 2. Summary Judgment is Appropriate Because No Responsive Records Exist.

A plaintiff fails to state a claim under the FOIA unless an agency has improperly withheld agency records. 5 U.S.C. §552(a)(4)(B). Here, the DEA has not withheld S/A Bumar's oath of office because it no longer has that document or any other documents pertaining to S/A Bumar's employment and personnel files. As a consequence, this case does not present a justiciable controversy.

It is axiomatic that Article III of the Constitution limits federal court jurisdiction to

---

[3] Although Mr. Trupei's Complaint sets forth four separate claims, they are all related to Defendants' non-responsiveness to his June 2005 FOIA request. Specifically, citing to the FOIA, Mr. Trupei claims that Defendants (1) violated his due process; (2) were in dereliction of duty; (3) engaged in fraud and deceit; and (4) breached a contract when Defendants did not respond to his June 2005 FOIA request. At base, Mr. Trupei's claims are that Defendants did not timely respond to his FOIA request. The DEA has now responded to Mr. Trupei's FOIA request. See Gov. Exh. I. The DEA's untimely response is not a bar to summary judgment. Landmark Legal Foundation v. E.P.A., 272 F. Supp.2d 59, 68 (D.D.C. 2003) (noting lack of timeliness or compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester); see, e.g., Atkins v. Dep't of Justice, 1991 WL 185084 (D.C. Cir. Sept.18, 1991) (unpub.) ( "The question whether DEA complied with the FOIA time limitations in responding to plaintiff's request is moot because DEA has now responded to this motion." ).

litigation presenting an actual case or controversy. Federal courts are without power to resolve disagreements that fail to meet this jurisdictional prerequisite. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983); Flast v. Cohen, 392 U.S. 83, 94-101 (1986). The case-or-controversy requirement ensures that the courts will undertake resolution only of issues that are concrete and sharply-focused, rather than imaginary disputes. Flast, 392 U.S. at 94-101.

Here, the DEA met its burden of showing that it conducted a search reasonably calculated to uncover all responsive records. See Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d at 126. That is all that is required. Therefore, the Court should find that the DEA's search was adequate because it ultimately confirmed S/A Bumar's employment and personnel files were forwarded to the National Personnel Records Center. See Wassom Decl. at ¶ 17 & Exh. I. Because the DEA cannot produce documents that it no longer has, this case does not present a justiciable controversy and should be dismissed.[4]

## V.     Conclusion.

For the foregoing reasons, the Court should grant Defendant's Motion for Summary Judgment and dismiss this case with prejudice.

---

[4]     Pursuant to 36 C.F.R. § 1250.8, National Archives and Records Administration's (NARA) National Personnel Records Center ("NPRC") directly processes FOIA requests for personnel and medical records of former members of the military and of former employees of the federal government "under authority delegated by the originating agencies." 36 C.F.R. § 1250.8(b). This is distinguishable from FOIA requests for agency records no longer needed for day-to-day business in the agency, which NARA does not directly process and access to such records remains "through the originating agency." Id. § 1250.8(c). See also Leinenbach v. Dept. of Justice, No. 05-744 (GK), 2006 WL 1663506 at *1, *5 (D.D.C. June 14, 2006)(summary judgment proper where EOUSA informed Plaintiff that it maintained no documents relevant to his request and directed plaintiff to contact the NPRC, the repository for such records); Kinard, 2006 WL 1774366 at *3-4 (same).

Dated: October 18, 2006.                    Respectfully Submitted,

   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL TRUPEI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-1162 (PLF) |
| | ) |
| DRUG ENFORCEMENT | ) |
| ENFORCEMENT AGENCY, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Upon consideration of Defendants' Motion for Summary Judgment, any opposition thereto, and the entire record herein, it is this _____ day of _____, 2006

ORDERED that Defendants' Motion for Summary Judgment be and is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned case be is hereby DISMISSED with prejudice.

SO ORDERED.

_____
U.S. District Judge

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on October 18, 2006, service of the foregoing <u>Defendants' Motion for Summary Judgment</u> was made via First Class mail, with postage prepaid, to pro se Plaintiff addressed as follows:

Mr. Michael Trupei
R12743-004
FCC-Coleman Medium Security Prison
P.O. Box 1032
Coleman, FL 33521

                                     _____//s_____

                                     John C. Truong