UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL TRUPEI, )
 )
        Plaintiff )
 )
v. )
 )  Civil Action No. 06-1162 PLF
THE U.S. DEPARTMENT OF JUSTICE, )
OFFICE OF INFORMATION AND PRIVACY, )
AND DRUG ENFORCEMENT )
ADMINISTRATION )
 )
        Defendant. )
_____)

## DECLARATION OF LEILA I. WASSOM

1. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, Drug Enforcement Administration (DEA) Headquarters. From June 2005 to the present, I have been a DEA Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C.

2. I review for litigation purposes both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action, and the records maintained by the DEA Freedom of Information (FOIA) Operations Unit.

5. The DEA FOIA Operations Unit is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by the DEA FOIA Operations Unit that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

### DEA FOIA Request 05-0932-F

6. By letter dated April 11, 2005,[1] and received by the DEA FOIA Operations Unit on or about April 20, 2005, the plaintiff requested "a proferred judicial certified copy of the person designated under 5 U.S.C. § 2903, or otherwise the person who administered Oath of Office to S/A DEA Mark J. Bumar on May 20, 1974.", and "a judicially certified copy of the 'Acting Regional Director's' authorization." This April 11, 2005, FOIA request was assigned DEA FOIA request number 05-0932-F. A copy of the plaintiff's letter dated April 11, 2005, is attached as Exhibit A.

---

[1] In a second letter dated April 11, 2005, and received by the DEA FOIA Operations Unit on or about April 20, 2005, the plaintiff requested "judicially certified copies of "1) The Deputized Officer's Oath...pursuant to Detective Thomas Tiderington of the City of Fort Lauderdale Police Department..." 2) A Certificate of Federal employment.... pertaining to Detectives Thomas Tidereington and Alfred J. Scotti, whose actions were in conjunction with the DEA..." The request was assigned DEA FOIA Request No. 05-0931.

7. By letter dated June 5, 2005, addressed to and received by the DEA FOIA Operations Unit on or about June 14, 2005, the plaintiff requested "a judicially certified copy" of the "Letter of Appointment"... subject to and in support with S/A Mark J. Bumar's 'Appointment Affidavit,' as it was executed on May 20, 1974..." A copy of the plaintiff's letter dated June 5, 2005, is attached as Exhibit B.

8. By second letter June 5, 2005, addressed "Good Morning Clerk", and faxed to the DEA New York Field Division, the plaintiff requested information regarding the legislative history of the "206 Act of 23 June 43."[2] The request was sent to the DEA New York Field Division by facsimile and forwarded by mail to the DEA FOIA Operations Unit. The DEA FOIA Operations Unit received the request on or about June 15, 2005. A copy of the plaintiff's second letter dated June 5, 2005 and the copy of Special Agent Bumar's Appointment Affidavit is attached as Exhibit C.

9. Both letters dated June 5, 2005, were included and made part of DEA FOIA Request No. 05-0932.

10. By letter dated July 10, 2005, addressed to the Department of Justice, Office of Information and Privacy (OIP), with attached exhibits labeled "A"[3] and "B"[4], the plaintiff appealed DEA's

---

[2] Included in the facsimile was a copy of Special Agent Mark Bumar's Appointment Affidavit, Civil Service Standard Form 61, provided by DEA in a prior release.

[3] Exhibit "A" is a copy of the plaintiff's request dated April 11, 2005, and referenced in Paragraph 6 of this declaration.

[4] Exhibit "B" is a copy of Special Agent Mark Bumar's Appointment Affidavit previously released to the plaintiff.

lack of response to his letter dated April 11, 2005. A copy of the plaintiff's appeal letter dated July 10, 2005, with attachments, is attached as Exhibit D.

11. By second letter dated July 10, 2005, with an attachment exhibit "A",[5] the plaintiff appealed to OIP " for the production of the "requested 'letter of appointment' pursuant to S/A Mark Bumar." A copy of the plaintiff's appeal letter dated July 10, 2005, is attached as Exhibit E.

12. By letter dated July 13, 2005, citing DEA FOIA Request No. 05-0932, DEA responded to the plaintiff's request dated April 11, 2005,[6] for the Deputized Officer's Oath of Office pertaining to DEA S/A Mark Bumar, assigning it FOIA request 05-0932-F. DEA informed the plaintiff that it found his request deficient, specifically, that in accordance with 28 C.F.R. § 16.3(c), it would be necessary for him to submit a statement which expressed his intent to satisfy all fees incurred while processing his request. DEA informed the plaintiff that no further action would be initiated on the request until a promise to pay was received. A copy of the DEA letter dated July 13, 2005, is attached as Exhibit F.

13. By letter dated August 1, 2005, OIP responded to the plaintiff's appeals of July 10, 2005, assigning it OIP Appeal No. 05-2365 and referenced DEA FOIA Request No. 2005-0931.[7] OIP

---

[5] Exhibit "A" is a copy of the plaintiff's request dated June 5, 2005, and referenced in Paragraph 7 of this declaration.

[6] A similar letter dated July 13, 2005, citing DEA Request No. 05-0931 and referencing the subject as pertaining to Detective Thomas Tiderington, was forwarded to the plaintiff by DEA.

[7] Since the DEA failed to acknowledge the plaintiff's request at the time of the receipt of the plaintiff's letters, OIP was erroneously informed regarding the assignment of the DEA request number assigned to the plaintiff's letters.

informed the plaintiff that it understood that DEA had responded to his request 05-0931-F by letter dated July 13, 2005, and that if he was dissatisfied with DEA's action, he could appeal again to OIP. A copy of the OIP letter dated August 1, 2005, is attached as Exhibit G.

14. By letter dated August 15, 2005, DEA informed the plaintiff that his request had been reviewed and that, with regard to the legislative history of the appointment affidavit he provided, dated May 20, 1974, that prior to 1988, the Oaths were administered by the United States Marshals Service, and that the name of the individual who signed the affidavit was impossible to determine, since the signature on the affidavit was illegible. DEA also informed the plaintiff that it could not answer the remaining portions of his request, since under the FOIA, agencies are not required to conduct research or answer questions. A copy of the DEA letter dated August 15, 2005, is attached as Exhibit H.

15. There is no indication in DEA FOIA Request No. 05-0932, that DEA specifically addressed or responded to the request or that a search was conducted for the "letter of appointment" If any such letter exists, it is reasonably likely to be found in the personnel file of Special Agent Mark Bumar, since it relates to the entry into Federal civil service.

16. Upon receipt of the complaint in the above titled matter, a query of the DEA personnel records system was conducted. The personnel file of the individual about whom the plaintiff seeks information, retired DEA Special Agent Mark Bumar, is no longer in the custody and control of DEA. Special Agent Bumar retired from DEA on February 22, 2003. The personnel file was forwarded to the National Personnel Records Center, St. Louis, Missouri, on March 14, 2005, prior to the date of the receipt of the plaintiff's requests regarding S/A Bumar.

17. By letter dated September 5, 2006, DEA informed the plaintiff that the information he requested, if it exists, would be maintained at the National Personnel Records Center, St. Louis, Missouri[8]. A copy of the DEA letter dated September 5, 2006, is attached as Exhibit I.

18. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct.

10-15-06
DATE

Leila I. Wassom
Paralegal Specialist
Office of Chief Counsel
Drug Enforcement Administration
Washington, D.C. 20537

---

[8] In its letter dated September 5, 2006, DEA stated that it had no record of receipt of the plaintiff's FOIA request dated June 5, 2005. At the time the September 5, 2006, letter was prepared, the plaintiff's June 5, 2005, FOIA request was not referenced in the DEA FOIA Operations Unit database base and was not located in the DEA FOIA Request File 05-0932. Moreover, since the OIP appeal referenced DEA FOIA Request No. 05-031, DEA believed that it had not received plaintiff's June 5, 2005, FOIA request.