# EXHIBIT E

| RESPONDENT: | APPELLANT: |
|---|---|
| Co-Director<br>Office of Information and Privacy<br>FLAG Building<br>Suite 750<br>Washington, D.C. 20530 | Michael Trupei *pro se*<br>R12743-004<br>Federal Correctional Complex<br>P.O. Box 1031<br>Coleman, Florida 33521-1031 |

Re: Appeal for a <u>certified</u> copy of
the "Letter of Appointment"
pursuant to S/A DEA, Mark J. Bumar

July 10, 2005

## "FOIA" APPEAL
### VERIFIED

<u>Good Morning Disclosure Officer</u>:

Once again, the Federal Drug Enforcement Administration (DEA) failed to respond to the Appellant's Freedom of Information Act (FOIA) and Privacy Act of 1974 (PA) request under 5 U.S.C. § 552(a)(6)(A)(i), as amended, and dated June 5, 2005. (See <u>exhibit-A</u>, attached hereto).

Because of the violation of the above statute, the Appellant hereby appeals to this office for the production of the requested "<u>letter of appointment</u>" pursuant to S/A DEA Mark J. Bumar. (See <u>exhibit-A</u>, attached hereto).

If the Respondent fails to answer the Appellant's appeal within the statutory response provisions of twenty (20) working days from the receipt of the administrative appeal, or under 5 U.S.C. § 552(a)(6)(A)(ii), as amended, the Appellant will consider this/his appeal denied and will promptly file a civil action under Title 42 U.S.C. § 1981, <u>et seq.</u>, in a court of competent jurisdiction, both to demand the production of the records/documents (Letter of Appointment) and seek damages for the non-response. The Appellant further states that there is no more time allowed within the meaning of the § 552(a)(6)(A)(ii), as amended.

Wherefore, the Appellant expects that the Respondent replies to this appeal within the time-frame governed by the statute, and please do so in a verified form.

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL,
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT!

Sincerely,

*[signature]*
Michael Trupei *pro se*

### VERIFICATION

Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby verify or state under penalty of perjury that the above "FOIA Appeal" is to the best of my knowledge, true and correct.

Done on: July 10th, 2005      Signed: *[signature]*
Michael Trupei *pro se*

EXHIBIT-A

RESPONDENT:

Freedom of Information Operation Unit
Drug Enforcement Administration
Department of Justice
700 Army/Navy Drive
Arlington, VA 22202

REQUESTER:

Michael Trupei pro se
R12743-004
Federal Correctional Complex
P.O. Box 1031
Coleman, Florida 33521-1031

Re: Request for a certified copy
    of the "Letter of Appointment"
    pursuant to S/A DEA, Mark J. Bumar

June 5, 2005

## "FOIA" REQUEST
## VERIFIED

Under the provisions of Title 5 U.S.C. § 552, as amended and Privacy Act of 1974 (PA), Title 5 U.S.C. § 552a, as amended, the requester hereby requests for a judicially certified copy of the following document:

The "Letter of Appointment" in accordance with the appointment clause provided for in the Federal Constitution (Art II, § 2, cl 2) or otherwise under statutory sense of Title 5 U.S.C. §§ 2104 or 2105 or pursuant to Title 1 U.S.C. § 1, subject to and in support with S/A DEA, Mark J. Bumar's "Appointment Affidavit," as it was executed on May 20th, 1974 describing Mark J. Bumar as a "criminal investigator GS-1811-7 at Department of Justice Drug Enforcement Administration, NY Region, 555 West 57 Street, New York, NY" whereby as a front matter and within thirty (30) days (5 U.S.C. § 3332) prior to the effective execution of the "Appointment Affidavit," a written indicia via "Letter of Appointment" is/was required confirming that S/A DEA, Mark J. Bumar met the standards of the constitutional appointment thereto.

This agency is required by law under 5 U.S.C. § 2906 to maintain the above requested "Letter of Appointment" on file.

The Requester expects that the Respondent answers this request within the statutory time limit of twenty (20) working days from the date of the receipt of this request, or alternatively under 5 U.S.C. § 552(a)(6)(A)(i), as amended. Should the Respondent fail to obey the foregoing response provisions, the Requester will deem this Request denied and will proceed under 5 U.S.C. § 552(a)(6)(C), even though the Requester has not filed an administrative appeal, in a court of competent jurisdiction. See generally Pollack v. Department of Justice, 49 F.3d 115, 118-19 (4th Cir.1995)("[A] requester who has not received a timely notice of the agency's decision, as required by 5 U.S.C. § 552(a)(6)(A)(i), may proceed immediately in court to enforce a FOIA request without exhausting any administrative remedies.") Pollack at 119.

Inasmuch as this request for the "Letter of Appointment" is in the "public interest" in that, the public is entitled to know the functioning of its Government on a day-in-day-out basis. Therefore, the Requester requests that Respondent waives all fees, costs, and or charges.

The Requester trusts that this suffices to his request!

NOTICE TO THE AGENT IS THE NOTICE TO THE
PRINCIPAL, NOTICE TO THE PRINCIPAL IS THE
NOTICE TO THE AGENT!

Sincerely,

_Michael Trupei_
Michael Trupei pro se

## DECLARATION

Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby declare or state under penalty of perjury that the above request is to the best of my knowledge, true and correct.

Done on: June 5th, 2005

Signed: _Michael Trupei_
Michael Trupei pro se

# EXHIBIT F

**U. S. Department of Justice**

Drug Enforcement Administration

Freedom of Information Section
Washington, DC 20537

www.dea.gov

July 13, 2005

Michael Trupei
Reg. No. R12743-004
Federal Correctional Complex
P.O. Box 1031
Coleman, Florida 33521-1031

*Request No.:*     05-0932-F

*Subject of Request:*    Deputized Officer's Oath of Office, pertaining to
DEA S/A Mark J. Bumar

Dear Michael Trupei:

    This is in response to your recent correspondence dated April 11, 2005, to the Drug Enforcement Administration (DEA) seeking information on the above subject pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and/or the Privacy Act (PA), 5 U.S.C. § 552a. Your request has been assigned the above number. It is imperative that you include this number in any future correspondence to this office regarding this request.

    We have reviewed your request and found it to be deficient. Specifically, in accordance with 28 C.F.R. § 16.3(c), it will be necessary for you to submit a statement which expresses your intent to satisfy all fees incurred while processing your request. Your request does not qualify for a waiver of fees as it does not fall within established Department guidelines. We have determined that S/A Bumar's oath of office does not involve any government operation or activity. For fee assessment purposes, you have been categorized as an "all other/citizen" requester. You will be afforded the first two (2) hours of search and the first 100 pages of duplication at no charge. You will be notified at a later of any/all applicable fees in which payment is required prior to the release of the requested records.

Page Two

To this end, until the above requirement is satisfied, no further action will be initiated on this request. Mail your response to the following address. Again, please include the above request number in all correspondence to this office regarding this request.

> Drug Enforcement Administration
> Freedom of Information Section
> Washington, D.C. 20537

If you wish to appeal this response, you must do so within sixty (60) days pursuant to 28 C.F.R. § 16.9. The appeal should be directed to the following address with the envelope marked "FOIA/PA APPEAL".

> Co-Director
> Office of Information and Privacy
> FLAG Building, Suite 570
> Washington, D.C. 20530

Sincerely,

Katherine L. Myrick, Chief
Operations Unit
FOI/Records Management Section

# EXHIBIT G



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642          Washington, D.C. 20530

AUG 0 1 2005

Mr. Michael Trupei
Register No. 12743-004
Federal Correctional Complex          Re:   Appeal No. 05-2365
P.O. Box 1031                               Request No. 2005-0931-F
Coleman, FL  33521-1031                     RLH:PAJ:CIH

Dear Mr. Trupei:

    This responds to your letter dated July 10, 2005, in which you sought to appeal from the failure of the Drug Enforcement Administration to respond to your request for records.

    It is my understanding that the DEA responded to your request by letter dated July 13, 2005. If you are dissatisfied with the DEA's action on your request, you may appeal again to this Office.

    If you consider my action to be a denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552 (a) (4) (B).

                            Sincerely,

                            Richard L. Huff
                            Co-Director

file

# EXHIBIT H

**U.S. Department of Justice**
Drug Enforcement Administration

AUG 15 2005

Michael Trupei
P.O. Box 1032
Coleman, FL 33521-1031

Case Number: 05-0932-F

Subject: REQUEST FOR LEGISLATIVE HISTORY OF APPOINTMENT AFFIDAVITS DATED MAY 20, 1974

Dear Michael Trupei:

Your Freedom of Information/Privacy Act request seeking information from the Drug Enforcement Administration has been reviewed and the following is our final determination.

A review of your file has located a previous litigation case I.C.O. Trupei v. DEA. The case was based on DEA FOIA Number 03-1005. As a result of this litigation, you received "Appointment Affidavits" Exhibit A (which you attached to your latest faxed letter dated June 5, 2005), seeking access to the information regarding the subject above.

In regards to your latest inquiry regarding the legislative history of appointment affidavits dated May 20, 1974, please be advised that prior to 1988, the Oaths were administered by the United States Marshals Service (USMS). Although DEA released the form in litigation, the person whose signature appears is illegible and it would be impossible to determine who that was without additional information. There were probably several individuals who had the authority to administer oaths including any number of individuals who by virtue of "acting" could have done so.

Under the FOIA, agencies are not required to *conduct research, answer questions*; nor is an agency required to *answer questions* posed as FOIA requests. Consequently, we are unable to respond to other portions of your request letter we construed to be questions requiring research on the part of DEA.

2

If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

CO-DIRECTOR
OFFICE OF INFORMATION AND PRIVACY
FLAG BUILDING, SUITE 570
WASHINGTON, D.C. 20530

Sincerely,

/S/

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# EXHIBIT I



**U. S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

*www.dea.gov*

Mr. Michael Trupei
#12743-004
FCC- Coleman Medium Security Prisons
P.O. Box 1032
Coleman, FL 33521-1032

SEP 5 2006

Re: *Michael Trupei v. Drug Enforcement Administration,* Case No.06-1162 PLF

Dear Mr. Trupei:

    The Drug Enforcement Administration (DEA) has reviewed your complaint filed in the above titled action. Attached to that complaint is a copy of a Freedom of Information Act (FOIA) request dated June 5, 2005, allegedly forwarded to DEA. DEA has no record of receipt of that FOIA request.

    In that letter, you requested information that may be contained in the personnel records of a DEA special agent. A search of the DEA personnel records system indicates that, if records exist, they would be maintained at the National Personnel Records Center, St. Louis, Missouri, and are no longer in DEA's custody or control.

                              Sincerely,

                              William C. Little, Jr.
                              Senior Attorney
                              Administrative Law Section

cc: CCA Chron     09/05/06

Document name:H:/lwassom/MyDocuments/correspondence.trupeires.wpd