UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Trupei, pro se )
R12743-004 )
FCC-Coleman Medium Security )
P.O. Box 1032 )
Coleman, Florida 33521-1032 )
     )
         Plaintiff, )
     )   Civil Action No.: 1:06-cv-1162 (PLF)
vs. )
     )
DRUG ENFORCEMENT ADMINISTRATION and )
OFFICE of INFORMATION and PRIVACY, )
U.S. DEPARTMENT of JUSTICE, et al., )
     )
         Defendants. )

RECEIVED

JAN - 8 2007

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OBJECTIONS to DEFENDANTS'
MOTION for SUMMARY JUDGMENT, **VERIFIED**

   PLAINTIFF, the Michael Trupei (Plaintiff), appearing specially and not generally and hereby respectfully objects before this Honorable Court ("Court") to Defendants' DRUG ENFORCEMENT ADMINISTRATION and OFFICE of INFORMATION and PRIVACY, U.S. DEPARTMENT of JUSTICE, et al., (collectively "Defendants") Motion for Summary Judgment (Motion) brought under Fed.R.Civ.P., Rule 56(c), as there are genuine issue(s) of material fact still in dispute and Plaintiff addresses it/them hereinbelow, to wit:

   Plaintiff, an inexperienced layperson and seeks liberal interpretation of this/his objections and invokes Haines v. Kerner, 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct 594 (1972)(pro se, litigants are to be held to a lesser standard than lawyers).

   Still, under Neal v. Kelly, 963 F.2d 453 (D.C.Cir.1992) the Court of Appeals for this Circuit held that: "A verified complaint [or opposition] should be treated as functional equivalent of an affidavit for the purposes of opposing summary judgment." Neal at 454.

## I. Background:

1. The primary issue, in this case, is Defendants' nonresponse to Plaintiff's June 5th, 2005, "FOIA" request for a non-exempt record, namely "letter of appointment" see e.g., exhibit-1, attached hereto, pertaining to S/A DEA, Mark J. Bumar (Mr.Bumar). And thereafter a nonresponse to Plaintiff's administrative appeal of July 10th, 2005, pursuant to same request, all in violation of 5 U.S.C. § 552(a)(6)(A)(i) and (ii) respectively, and as amended. Plaintiff, however, will briefly backtrack the chronology of his FOIA requests, indirectly at issue herein, but nevertheless referenced within the Wassom's Declaration, and thus it/they need to be addressed so that this Court may have a better insight of the issue(s) at hand.

2. In 1989, Plaintiff was arrested on one (1) count of dry-conspiracy with no overt act committed, and the conviction was attributed to the S/A DEA, Mark J. Bumar's untruthful testimony, who acted as a privateer, and want to seize Plaintiff's "Porsche Racing business," but the sentencing judge refused to impose a forfeiture provision, thereby torpedoing S/A DEA, Mark J. Bumar's objective.

3. By verified request (request) dated April 11th, 2005, Plaintiff requested, inter alia, a judicially certified copy of the "strike force" Detective Thomas Tiderington's certificate of federal employment, and likewise the same of Alfred J. Scotti, both employed by Fort Lauderdale Police Department, Fort Lauderdale, Florida. (See exhibit-2, attached hereto).

4. On June 5th, 2005, via U.S. Mail, first class, a verified FOIA request letter was sent to DEA ("Defendant"), requesting a certified copy of the "letter of appointment" under 5 U.S.C. § 2105, pertaining to S/A DEA, Mark J. Bumar (Mr.Bummar). Defendant failed to respond to that request, thereby violating FOIA's twenty (20) day response provision under 5 U.S.C. § 552(a)(6)(A)(i), as amended. See Wassom Decl., at ¶ 7 and Defendants' exhibit-B; see also exhibit-3, attached hereto.

5. Because Defendant(s) failed to respond to Plaintiff's June 5th, 2005, FOIA request verified for the "letter of appointment", on July 10th, 2005, via U.S. Mail, first class and certified return receipt requested, Plaintiff mailed in one legal-envelope, three (3) administrative appeals all verified, stemming from his prior three (3) but separate FOIA requests. One of the appeals enclosed in the July 10th, 2005--combined filing, was pursuant to the June 5th, 2005 Plaintiff's FOIA request that Defendants failed to answer, and it has been hereby the crux of this complaint. See exhibit-5, attached hereto.

6. On August 1st, 2005, Richard L. Huff, the Co-Director of Information and Privacy (OIP), U.S. Department of Justice and also Defendant herein, responded as follows: "It is my understanding that DEA did respond to your request[1] by letter dated July 13th, 2005." In fact, what Defendant(s) did on July 13th, 2005, was/were referring to one of the Plaintiff's April 11th, 2005 request, (see exhibit-6, 2nd ¶ attached hereto) and not to the June 5th, 2005 filing as it was so required under FOIA. As such, the Defendants violated twenty (20) working days response provision under 5 U.S.C. § 552(a)(6)(A)(i) and (ii), as amended, and shows bad faith on the part of Defendants herein. See Wassom Decl. at ¶ 15 where it states: "there is no indication in DEA FOIA Request No.: 05-0932, that DEA specifically addressed or responded to the request of that a search was conducted for the "letter of appointment." Wassom Decl. at ¶ 15.

7. Having not received a response to the first FOIA request of June 5th, 2005 and no response to Plaintiff's FOIA appeal within twenty (20) business days as required under by 5 U.S.C. § 552(a)(6)(A)(i) and (ii), as amended. On June 12th, 2006, Plaintiff filed his FOIA Civil Action No.: 1:06-cv-1162 (PLF) in this Court.

---

[1] Richard L. Huff did not specified, as he should have, nor he made known to Plaintiff, to which request he understood that DEA had responded to Plaintiff, as there were three (3) separate FOIA requests pending at the DEA premises. His letter of July 13th, 2005 is therefore ambigous and very misleading, or otherwise written in bad faith. (See exhibit-6, attached hereto).

II. <u>Standard of Review</u>:

In <u>Barber v. Kohn</u> 1991 U.S. Dist. LEXIS 186, there the Court held that: "[t]o evaluate the defendants' motion for summary judgment under <u>Fed.R.Civ.P.</u>, Rule 56(c) directs the court to examine "pleadings depositions, answers to interrogatories, and admission on file, together with the affidavits [declarations and/or exhibits], if any, [to determine] there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 goes on to state that "when a motion for summary judgment is made and supported as provided in this rule, an adverse party [such as Plaintiff here] may not rest upon the mere allegations or denials of the adverse party's pleadings, but...must set forth specific facts showing that there is a genuine issue for trial." The Supreme Court has also directed the courts to draw all reasonable inferences from the facts alleged in favor of the non-movant, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). The court may award summary judgment in a FOIA case solely on the information provided in affidavits or declaration [when they] describe "the document and the justification for non-disclosure with reasonably specific detail, demonstrate that the information witheld logically falls within the claimed exemption, and not controverted by either contrary evidence in the record nor by evidence of agency's bad faith." <u>Voinche v. F.B.I.</u>, 656 F.2d 724, 138 (D.C.Cir.1981); <u>see</u> also <u>Vaughn v. Rosen</u>, 484 F.2d 820, 826 (D.C.Cir.1973), <u>cert</u>. <u>denied</u>, 415 U.S. 977, 94 S.Ct 1564, 39 L.Ed 2d 873 (1974).

ARGUMENT

III. **Defendants Failed to Respond to Plaintiff's June 5th, 2005 FOIA Request, thereby Creating Fraud and Deceit, <u>inter alia</u>, upon Plaintiff**

a.) The Genuine Issue of Material Fact Still in Dispute:

Plaintiff first turn to the "genuine issue" of the material fact still in dispute whether the Defendants responded to Plaintiff's June 5th, 2005 verified FOIA request.

Plaintiff respectfully submits that Defendants did not do so! Plaintiff proffers that Defendants have admittedly failed to answer, and have done so knowingly and wilfully.[2]

    5 U.S.C. § 552(a)(6)(A)(i), as amended, and states, to wit:

> (i) Determine within 20 days (excepting Saturday, Sunday and legal public holidays) after the receipt of any such request whether to comply with such request and **shall** immediately notify the person making such a request of such determination and the reasons therefor, and of the right of such persons to appeal to the head of the agency and adverse determination. 5 U.S.C. § 552(a)(6)(A)(i), as amended.

Because Defendants failed to respond, and did so willfully and knowingly, to Plaintiff's June 5th, 2005 verified FOIA request for the "letter of appointment" pertaining to Mr. Bumar, as it is/was so required under the statute above.

Thereafter on July 10th, 2005, via U.S. Mail, first class certified and return receipt requested, Plaintiff sent within one envelope three (3) FOIA verified administrative appeal upon OIP. One of the appeals was pursuant to June 5th, 2005 FOIA request, verified that the Defendants failed to respond.

    5 U.S.C. § 552(a)(6)(A)(ii), as amended reads as follows:

> (ii) Make determination with respect to any appeal within twenty (20) days (excepting Saturday, Sunday, and legal holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection. 5 U.S.C. § 552(a)(6)(A)(ii), as amended.

In United States v. Tweel, 550 F.2d 297, 299 (5th Cir.1977) there the United States Court of Appeals for the Fifth Circuit held that: "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." Id. at 299, citing United States v. Prudden, 424 F.2d 1021, 1023 (5th Cir.1979), cert. denied, 400 U.S. 831, 91 S.Ct. 62, 27 L.Ed 2d 62 (1970). And the ensuing silence is wrongful and misleading, Dunkin' Donuts Inc. v. Panagakos, 5 F.Supp.2d 57 (D. Mass.1988). Silence when there is a duty to speak, is

---

[2] There is no indication in DEA FOIA Request No.: 05-0932, that DEA specifically addressed or responded to the request or that search was conducted.... See Wassom Decl. at ¶ 15, see also Defendants' Motion for Summary Judgment at p. 2.

deemed equivalent to concealment. <u>Reichert v. Reichert</u>, 77 S.D. 258, 90 N.W. 2d 403 (1958). Plaintiff submits that Defendants admitted that "[u]pon receipt of the June [5th] 2005 FOIA request...," <u>see</u> Defendants' Motion for Summary Judgment, p.2 at ¶ 3, and Wassom Decl. at ¶ 9, that the "DEA FOIA Operation Unit on or about June 14th,2005" received "plaintiff requested 'a judicially certified copy' of the 'Letter of Appointment'" from Plaintiff. See Wassom Decl. at 7. Their admission of so doing acknowledges that the Defendants received Plaintiff's FOIA request, verified "on or about June 14th, 2005," but had intentionally and willfully failed to respond, thereby violating 5 U.S.C. § 552(a)(6)(A)(i), as amended, and thereafter failed to respond to Plaintiff's July 10th, 2005 administrative appeal to the Office of Information and Privacy ("OPF"), where the Defendants admit that: "[h]owever, it appears that Defendants <u>never</u> responded to [Plaintiff's] June 2005 FOIA request for the '<u>letter of appointment</u>' (which is now part of DEA FOIA Request No.: 05-0932)," Wassom Decl. at ¶ 15. This shows that Defendants have, at the very beginning, possessed Plaintiff's FOIA request, verified, but for some reason or another intentionally refused to answer or respond. Likewise, Defendants had in their possession Plaintiff's FOIA appeal, verified, but they never had responded to Plaintiff's July 10th, 2005 FOIA appeal, verified, for the "<u>letter of appointment</u>." See Wassom Decl. at ¶ 13, and Defendants' Motion for Summary Judgment at p. 3, 1st ¶. As such, Defendants violated 5 U.S.C. § 552(a)(6)(A) (i) and (ii), as amended, and is synonymous with: 1) Violation of <u>due process</u>; 2) Dereliction of Duty; 3) Fraud and deceit; 4) Breach of Contract, to name just a few, and this Court should deny Defendants Motion for Summary Judgment in every respect.

b) **Summary Judgment is Inappropriate in this Case Because Defendants Intentionally Failed to Respond to Plaintiff's FOIA Request and/or Appeal in this cause**

Defendants assert that Plaintiff failed to state a claim under FOIA. 5 U.S.C. § 552(a)(4)(B). And that the DEA has not witheld Mr. Bumar's "<u>letter of appointment</u>" (see, e.g., <u>exhibit-1</u>, attached hereto) because that document, if it exists, DEA is

no longer in possession of, or for that matter any other such documents within Mr. Bumar's OPF file. As such and thus, this cause "does not present justiciable controversy." See Defendants' Memorandum at p. 7 ¶ 3.

Plaintiff respectfully objects to that proposition and respectfully submits that the primary issue herein is, of course, Defendants nonresponse to Plaintiff's June 5th, 2005 FOIA request, verified, and likewise a nonresponse to his July 10th, 2005, FOIA administrative appeal, also verified. Had the Defendants been compliant to Plaintiff's request and thereafter to his administrative FOIA appeal by and through a simple letter, informing Plaintiff that Mr. Bumar's OPF folder was forwarded to NPRC at St. Louis, Missouri. Immediately thereafter Plaintiff would have submitted another FOIA request to that office. Instead, however, Defendants chose to keep Plaintiff in the dark by and through the denial, stay, delay to Plaintiff FOIA requested "letter of appointment."

For their proposition, inter alia, Defendants are relying on Kinard v. Dept. of Justice, 2006 WL 1774366 (D.D.C. June 27, 2006). But Kinard is inapplicable in this settings. In Kinard, there the Defendants-EOUSA advised the Plaintiff that AUSA Byrnes had left the employment of the U.S. Attorney's Office in 2000, and Defendants further explained that the personnel file had been forwarded to the NPRC in St. Louis, Missouri. In their response, they provided Kinard with the address of the NPRC and directed him to file another FOIA request thereto. See Defendants Argument on p. 6, ¶ 2.

In the instant case, the Defendants failed to respond to Plaintiff's June 5th, 2005 FOIA request, verified, and thereafter to his July 10th, 2005 FOIA appeal, verified, at all. In so doing, Defendants failed to inform Plaintiff that: 1) Mr. Bumar has retired from the DEA; and 2) that Mr. Bumar's OPF folder was sent upon NPRC. As such, not only Defendants violated 5 U.S.C. § 552(a)(6)(A)(i) and (ii), as amended, by and through their nonresponse, they also exhibited bad faith, as they refused to inform and direct Plaintiff to NPRC, so that he may file another FOIA request,

verified for the "letter of appointment" (see, e.g., exhibit-1, attached hereto) thereto. Thus, and with all due respect to Defendants' able counsel, Kinard is distinguished from this case and should not be relied upon.

It is therefore, once again, the nonresponse that is the genuine issue of material facts still in dispute, in this/his matter, and which causes Plaintiff injury and harm, and thereby a claim that Defendants created was by way of the violation of 5 U.S.C. § 552(a)(6)(A)(i) and (ii), as amended, and thus this case presents all the more valid justiciable controversy, and this Court should deny Defendants summary judgment on this claim alone or otherwise in all respects.

### c) Defendants Failed to Forward Plaintiff's "FOIA" Request upon "NPRC" and as such, the "Genuine Issue of Material Fact is Still in Dispute and the Summary Judgment is therefore Inappropriate, in this Case.

Defendants argue that because Mr. Bumar retired from the DEA on February 22nd, 2003, and his official OPF folder was sent to "NPRC" at St. Louis, Missouri on March 14th, 2005, thereby they are not responsible to answer to Plaintiff's verified FOIA request and thereafter FOIA administrative appeal for "letter of appointment" subject to Mr. Bumar, as he retired. See Wassom Decl. at ¶ 16.

Plaintiff objects to Defendants' stance and hereby, once again, respectfully submits that as the "originator" of the records sought herein, namely "letter of appointment" (see, e.g., exhibit-1, attached hereto) which the Plaintiff is still seeking, and is the DEA's responsibility to forward the Plaintiff's verified FOIA request upon the NPRC under premises of 28 C.F.R. § 14.2(b) where it states that: "the agency shall forward upon the proper agency the [Plaintiff's verified FOIA request]." The proper agency is, of course, or at least it seems to be, the NPRC that DEA was supposedly aware of it, but failed to forward Plaintiff's FOIA request thereto. Moreover, in Goland v. C.I.A., 607 F.2d at 347 (n-46) the United States Court of Appeals for this Circuit held that: "the decision to make the transcript public should be made by the originating body, not by the recipient agency, n-46." Goland at 347.

### d) Defendants Failed to Respond to Plaintiff's FOIA Request, so Required under the Statute

Defendants now argue that they "responded to [Plaintiff's] FOIA request" via their September 5th, 2005 letter. And that "DEA has not witheld Mr. Bumar's oath of office. See Defend. Motion for Summary Judgment at p. 7, (n-3). Although Defendants' characterization of the sought record is a misnomer, as Plaintiff requested the "letter of appointment" and not the oath of office, as he already has the former. Plaintiff objects to Defendants' notion that they complied with the FOIA, when in fact they have not, as they forwarded their letter of September of 2006 upon the Plaintiff. See Defend. exhibit-I, attached to Wassom's Decl.

Plaintiff submits that "that D.C. Circuit has held that '[t]he FOIA imposes no limits on courts' equitable powers in enforcing its terms' and 'unreasonable delays in disclosing non-exempt documents [such as here] violate the intent and purposes of the FOIA, and the courts have duty to prevent [such] abuses.'" 416 F.Supp. 2d at 35, citing Payne Enters. v. United States, 837 F.2d 486, 494 (D.C.Cir.1988).

Plaintiff further avers that Defendants only woke up when they received his Complaint on September of 2006. Had Plaintiff not filed his Complaint, the Defendants would, to this day, not respond to Plaintiff's FOIA request of June 5th, 2006, ignoring their duty to do so. Again, this shows a perfect example of bad faith on the part of Defendants and, of course, it is too little, and too late to provide a defense against the counts of the Complaint, and Plaintiff respectfully submits that Defendants have effectively conceded their violations of the FOIA as charged.

WHEREFORE, Plaintiff asserts that the Defendants did willfully and knowingly chose their modus operandi of nonresponse to Plaintiff's June 5th, 2006 request and thereafter the appeal of same. And they likewise witheld Mr. Bumar's "letter of authorization" thereby violated a specific performance of their duties to Plaintiff and public interest as annunciated hereinabove, and this Court should deny Defendants summary

judgment motion based on the evidence supported herewith and consistent therewith or otherwise with the claims as charged in Plaintiff's complaint, and for such other and further relief as this Honorable Court deems just, equitable, and proper.

Respectfully submitted,

*(signature)*
Michael Trupei, pro se

### CERTIFICATE of SERVICE

I, HEREBY CERTIFY that this/my objections to the Defenndants' Motion for Summary Judgment has been on December ___, 200__, hand delivered to the institutional "RD" for the purposes to be forwarded via, U.S. Mail, first class as follows:

UNITED STATES DEPARTMENT of JUSTICE
United States Attorney
District of Columbia
AUSA John Truong
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20530

*(signature)*
Michael Trupei, pro se

### VERIFICATION

Under 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby verify, or sate, under penalty of perjury that this/my objections are to the best of my knowledge, true, correct, certain, and complete.

Done on this 27th, day of December, 200 6    By: *(signature)*
Michael Trupei, pro se



U.S. Department of Justice

Office of the Deputy Attorney General

*Attorney Personnel Management*

EXHIBIT-1

Washington, D.C. 20530

Honorable Robert W. Merkle
United States Attorney
Middle District of Florida
Tampa, Florida

Dear Mr. Merkle:

    This refers to your recommendation for the appointment of          as Assistant United States Attorney for the Middle District of Florida.

         is appointed at a salary of $42,100 per annum. You are therefore authorized to place    on duty. It is necessary for us to have the Appointment Affidavit before a SF-50 can be issued.

    Please extend to         congratulations on appointment. I am certain that under your leadership will find both success and satisfaction in    work.

                    Sincerely,

                    Brian E. Meyers
                    Deputy Director
                    Office of Attorney Personnel Management

EXHIBIT-1

RESPONDENT:

To: Freedom of Information Operation Unit
Drug Enforcement Administration
Department of Justice
700 Army/navy Drive
Arlington, VA 22202

Certified Mail-Return Requested No.
7000-1670-0010-9662-7163

Re: Request under FOIA, 5 U.S.C. § 552,
inter alia, for the Deputized Officer's
Oath of Office, pertaining to Detective
Thomas Tiderington, City of Fort Lauderdale
Police Department

REQUESTER:

From: Michael Trupei pro se
R12743-004
Federal Correctional Complex
P.O. Box 1031
Coleman, Florida 33521-1031

April 11, 2005

## "FOIA" REQUEST
### VERIFIED

Pursuant to Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and Privacy Act of 1974 (PA), Title 5 U.S.C. § 552a, as amended, the Requester hereby requests the judicially certified copies as follows:

1) Deputized Officer's Oath required under §§ 3372 and/or 3374(a) or otherwise under §§ 3331 and 3332, pursuant to Detective Thomas Tiderington of the City of Fort Lauderdale Police Department, Fort Lauderdale, Florida while he was a member of the "Strike Force" in 1988, 1989 and 1990 respectively.

2) A Certificate of Federal employment under 5 U.S.C. §§ 3372(a) and 3374(c) pertaining to Detectives Thomas Tidereington and Alfred J. Scotti, whose actions were in conjunction with the DEA in 1988 through 1990's investigation, dubbed as "Operation Birdman" and under supervision and control thereunder. See DEA File No.: G1-88-0433.

Title 5 U.S.C. § 2906 provides in part:

The Oath of Office taken by an individual under § 3331 of this title shall be delivered by him and preserved by, House of Congress, agency (DEA) or court to which the office pertains. 5 U.S.C. § 2906.

Should you fail to respond to this request within the statutory time limit of twenty (20) working days from the receipt of this request, or otherwise under 5 U.S.C. § 552(a)(6)(A)(i), as amended, the Requester will deem this request denied and will proceed under 5 U.S.C. § 552(a)(6)(C) in a forum of this jurisdiction.

Inasmuch as the request for records/information is in the "public interest" in that, it is entitled to know the functioning of the Government on the day to day basis. Thus, the Requester hereby requests that Respondent waive all fees, costs, and/or charges.

The attention and effort to produce the records/information herein sought are imperative and genuinely appreciated, and the Requester is looking to the Respondent's prompt response.

NOTICE TO AGENT IS NOTICE TO PRINCIPAL,
NOTICE TO PRINCIPAL IS NOTICE TO AGENT!

Sincerely,

*Michael Trupei*
Michael Trupei pro se

## DECLARATION

Pursuant to 28 U.S.C. § 1746 I, Michael Trupei do hereby declare under penalty of perjury that foregoing is to the best of my knowledge, true and correct.

Done on: April 11, 2005        Signed: *Michael Trupei*
                                       Michael Trupei pro se
                                       EXHIBIT-2

RESPONDENT:  
Freedom of Information Operation Unit  
Drug Enforcement Administration  
Department of Justice  
700 Army/Navy Drive  
Arlington, VA 22202  

REQUESTER:  
Michael Trupei pro se  
R12743-004  
Federal Correctional Complex  
P.O. Box 1031  
Coleman, Florida 33521-1031  

Re: Request for a <u>certified copy</u>  
of the "<u>Letter of Appointment</u>"  
pursuant to S/A DEA, Mark J. Bumar

June 5, 2005

## "FOIA" REQUEST
### VERIFIED

Under the provisions of Title 5 U.S.C. § 552, as amended and Privacy Act of 1974 (PA), Title 5 U.S.C. § 552a, as amended, the requester hereby requests for a <u>judicially certified</u> copy of the following document:

The "<u>Letter of Appointment</u>" in accordance with the appointment clause provided for in the <u>Federal Constitution</u> (Art II, § 2, cl 2) or otherwise under statutory sense of Title 5 U.S.C. §§ 2104 or 2105 or pursuant to Title 1 U.S.C. § 1, subject to and in support with S/A DEA, Mark J. Bumar's "Appointment Affidavit," as it was executed on May 20th, 1974 describing Mark J. Bumar as a "criminal investigator GS-1811-7 at Department of Justice Drug Enforcement Administration, NY Region, 555 West 57 Street, New York, NY" whereby as a front matter and within thirty (30) days (5 U.S.C. § 3332) prior to the effective execution of the "Appointment Affidavit," a written indicia via "<u>Letter of Appointment</u>" is/was required confirming that S/A DEA, Mark J. Bumar met the standards of the constitutional appointment thereto.

This agency is required by law under 5 U.S.C. § 2906 to maintain the above requested "Letter of Appointment" on file.

The Requester expects that the Respondent answers this request within the statutory time limit of twenty (20) working days from the date of the receipt of this request, or alternatively under 5 U.S.C. § 552(a)(6)(A)(i), as amended. Should the Respondent fail to obey the foregoing response provisions, the Requester will deem this Request denied and will proceed under 5 U.S.C. § 552(a)(6)(C), even though the Requester has not filed an administrative appeal, in a court of competent jurisdiction. See generally <u>Pollack v. Department of Justice</u>, 49 F.3d 115, 118-19 (4th Cir.1995)("[A] requester who has not received a timely notice of the agency's decision, as required by 5 U.S.C. § 552(a)(6)(A)(i), may proceed immediately in court to enforce a FOIA request without exhausting any administrative remedies.") <u>Pollack</u> at 119.

Inasmuch as this request for the "Letter of Appointment" is in the "<u>public interest</u>" in that, the public is entitled to know the functioning of its Government on a day-in-day-out basis. Therefore, the Requester requests that Respondent waives all fees, costs, and or charges.

The Requester trusts that this suffices to his request!

NOTICE TO THE AGENT IS THE NOTICE TO THE PRINCIPAL, NOTICE TO THE PRINCIPAL IS THE NOTICE TO THE AGENT!

Sincerely,

*/s/ Michael Trupei/*  
Michael Trupei pro se

### DECLARATION

Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby declare or state under penalty of perjury that the above request is to the best of my knowledge, true and correct.

Done on: June 5-th , 200 5         Signed: */s/ Michael Trupei/*  
                                             Michael Trupei pro se

EXHIBIT-3

| | |
|---|---|
| RESPONDENT: | APPELLANT: |
| CO-Director | Michael Trupei pro se |
| Office of Information and Privacy | R12743-004 |
| FLAG Building | Federal Correctional Complex |
| Suite 750 | P.O. Box 1031 |
| Washington, D.C. 20530 | Coleman, Florida 33521-1031 |

Re: Appeal for a certified copy of
    the "Letter of Appointment"
    pursuant to S/A DEA, Mark J. Bumar

July 10, 2005

## "FOIA" APPEAL
### VERIFIED

Good Morning Disclosure Officer:

    Once again, the Federal Drug Enforcement Administration (DEA) failed to respond to the Appellant's Freedom of Information Act (FOIA) and Privacy Act of 1974 (PA) request under 5 U.S.C. § 552(a)(6)(A)(i), as amended, and dated June 5, 2005. (See exhibit-A, attached hereto).

    Because of the violation of the above statute, the Appellant hereby appeals to this office for the production of the requested "letter of appointment" pursuant to S/A DEA Mark J. Bumar. (See exhibit-A, attached hereto).

    If the Respondent fails to answer the Appellant's appeal within the statutory response provisions of twenty (20) working days from the receipt of the administrative appeal, or under 5 U.S.C. § 552(a)(6)(A)(ii), as amended, the Appellant will consider this/his appeal denied and will promptly file a civil action under Title 42 U.S.C. § 1981, et seq., in a court of competent jurisdiction, both to demand the production of the records/documents (Letter of Appointment) and seek damages for the non-response. The Appellant further states that there is no more time allowed within the meaning of the § 552(a)(6)(A)(ii), as amended.

    Wherefore, the Appellant expects that the Respondent replies to this appeal within the time-frame governed by the statute, and please do so in a verified form.

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL,
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT!

Sincerely,

*[signature]*
Michael Trupei pro se

### VERIFICATION

    Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby verify or state under penalty of perjury that the above "FOIA Appeal" is to the best of my knowledge, true and correct.

Done on: July 10th, 200 5    Signed: *[signature]*
                                                                               Michael Trupei pro se

This "FOIA" appeal was forwarded via certified return receipt requested
Certified return receipt No. 7099-3220-0010-7117-0841

EXHIBIT-5

| | |
|---|---|
| RESPONDENT: | REQUESTER: |
| Freedom of Information Operation Unit<br>Drug Enforcement Administration<br>Department of Justice<br>700 Army/Navy Drive<br>Arlington, VA 22202 | Michael Trupei pro se<br>R12743-004<br>Federal Correctional Complex<br>P.O. Box 1031<br>Coleman, Florida 33521-1031 |

Re: Request for a certified copy
  of the "Letter of Appointment"    June 5, 2005
  pursuant to S/A DEA, Mark J. Bumar

## "FOIA" REQUEST
## VERIFIED

Under the provisions of Title 5 U.S.C. § 552, as amended and Privacy Act of 1974 (PA), Title 5 U.S.C. § 552a, as amended, the requester hereby requests for a judicially certified copy of the following document:

The "Letter of Appointment" in accordance with the appointment clause provided for in the Federal Constitution (Art II, § 2, cl 2) or otherwise under statutory sense of Title 5 U.S.C. §§ 2104 or 2105 or pursuant to Title 1 U.S.C. § 1, subject to and in support with S/A DEA, Mark J. Bumar's "Appointment Affidavit," as it was executed on May 20th, 1974 describing Mark J. Bumar as a "criminal investigator GS-1811-7 at Department of Justice Drug Enforcement Administration, NY Region, 555 West 57 Street, New York, NY" whereby as a front matter and within thirty (30) days (5 U.S.C. § 3332) prior to the effective execution of the "Appointment Affidavit," a written indicia via "Letter of Appointment" is/was required confirming that S/A DEA, Mark J. Bumar met the standards of the constitutional appointment thereto.

This agency is required by law under 5 U.S.C. § 2906 to maintain the above requested "Letter of Appointment" on file.

The Requester expects that the Respondent answers this request within the statutory time limit of twenty (20) working days from the date of the receipt of this request, or alternatively under 5 U.S.C. § 552(a)(6)(A)(i), as amended. Should the Respondent fail to obey the foregoing response provisions, the Requester will deem this Request denied and will proceed under 5 U.S.C. § 552(a)(6)(C), even though the Requester has not filed an administrative appeal, in a court of competent jurisdiction. See generally Pollack v. Department of Justice, 49 F.3d 115, 118-19 (4th Cir.1995)("[A] requester who has not received a timely notice of the agency's decision, as required by 5 U.S.C. § 552(a)(6)(A)(i), may proceed immediately in court to enforce a FOIA request without exhausting any administrative remedies.") Pollack at 119.

Inasmuch as this request for the "Letter of Appointment" is in the "public interest" in that, the public is entitled to know the functioning of its Government on a day-in-day-out basis. Therefore, the Requester requests that Respondent waives all fees, costs, and or charges.

The Requester trusts that this suffices to his request!

NOTICE TO THE AGENT IS THE NOTICE TO THE    Sincerely,
PRINCIPAL, NOTICE TO THE PRINCIPAL IS THE
NOTICE TO THE AGENT!                        *[signature]*
                                            Michael Trupei pro se

## DECLARATION

Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby declare or state under penalty of perjury that the above request is to the best of my knowledge, true and correct.

Done on: June 5th, 2005            Signed: *[signature]*
                                            Michael Trupei pro se

EXHIBIT A

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                                    *Washington, D.C. 20530*

AUG 0 1 2005

Mr. Michael Trupei
Register No. 12743-004
Federal Correctional Complex           Re:    Appeal No. 05-2365
P.O. Box 1031                                  Request No. 2005-0931-F
Coleman, FL  33521-1031                        RLH:PAJ:CIH

Dear Mr. Trupei:

    This responds to your letter dated July 10, 2005, in which you sought to appeal from the failure of the Drug Enforcement Administration to respond to your request for records.

    It is my understanding that the DEA responded to your request by letter dated July 13, 2005. If you are dissatisfied with the DEA's action on your request, you may appeal again to this Office.

    If you consider my action to be a denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552 (a) (4) (B).

                                            Sincerely,

                                            Richard L. Huff
                                            Co-Director

EXHIBIT-6