**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL TRUPEI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-1162 (PLF) |
| | ) |
| DRUG ENFORCEMENT | ) |
| ENFORCEMENT AGENCY, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**I.   Introduction.**

In this Freedom of Information Act ("FOIA") case, *pro se* Plaintiff Michael Trupei sued to get a copy of a "letter of appointment . . . pertaining to S/A DEA, Mark J. Bumar." Compl. at ¶ 5.  In response to Defendants' Motion for Summary Judgment, Plaintiff primarily complains that Defendants failed to respond to his June 2005 FOIA request.  He also complains that Defendants did not forward his request to the National Personnel Record Center ("NPRC"), in St. Louis, MO.

Plaintiff, however, does not challenge that Defendants no longer have the requested document – the "letter of appointment," or that Defendants failed to conduct an adequate search for documents.  On this basis alone, the Court should grant summary judgment in Defendants' favor.  See Def. Mot. at 7-8 (arguing that summary judgment is appropriate because responsive records do not exist).

In any event, as explained in Defendants' Motion, Defendants responded to Plaintiff's

June 2005 FOIA request and informed him that they no longer have the requested documents. Furthermore, absent regulatory requirements to do so, Defendants do not have an obligation to forward Plaintiff's June 2005 FOIA request to the NPRC.

## II.     Argument.

### A.     Defendants Responded to Plaintiff's June 2005 FOIA Request.

Plaintiff devoted the majority of his Opposition to Defendants' Motion complaining that Defendants failed to respond to his June 2005 FOIA request. See Opp. at Sections III(a), (b), and (d). Plaintiff's complaints ring hollow because Defendants responded to his FOIA request.

As explained in Defendants' Motion, initially Defendants believed that they had not received Plaintiff's June 2005 FOIA request. Def. Mot. at 2-3 (citing Declaration of Leila Wassom). After Plaintiff filed his federal court Complaint here, Defendants discovered that they inadvertently grouped Plaintiff's June 2005 FOIA request with his other previous FOIA requests. Id. After discovering this inadvertent mistake, Defendants responded to Plaintiff's June 2005 FOIA request in a letter dated September 5, 2006. Id. (citing Wassom Decl. at ¶ 17). The letter informed Plaintiff that all personnel records – including the letter of appointment[1] – pertaining to DEA Special Agent Mark J. Bumar were sent to the National Personnel Record Center, in St. Louis, MO, upon his retirement in February 2003. Id. Under these facts, Plaintiff's complaints about Defendants' failure to respond to his June 2005 FOIA are now moot. See Atkins v. Dep't of Justice, 946 F.2d 1563, 1999 WL 185084 (D.C. Cir. Sept. 18, 1991) (holding that "[t]he

---

[1] On page 7 of Defendants' Motion for Summary Judgment, Defendants inadvertently referred to Plaintiff's June 2005 FOIA request as seeking Special Agent Bumar's "oath of office." Def. Mot. at 7. Defendants now clarify that the Motion should have referred to the "letter of appointment."

question whether DEA complied with the Freedom of Information Act (FOIA) time limitations in responding to [plaintiff's] request is moot because the DEA has now responded to his request."); Landmark Legal Foundation v. E.P.A., 272 F. Supp.2d 59, 68 (D.D.C. 2003) (noting lack of timeliness or compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester).

> **B.      Defendants Did Had No Obligation to Forward the FOIA Request to NPRC.**

Citing "28 C.F.R. § 14.2(b)," Plaintiff argues that Defendants should have forwarded his June 2005 FOIA request to the NPRC. See Opp. at 8. Plaintiff's assertion is without merit.

As a preliminary issue, "28 C.F.R. § 14.2(b)" deals with administrative claims under the Federal Tort Claims Act. In fact the regulations governing Defendants' FOIA procedures do not require Defendants to forward misdirected FOIA requests. See 28 C.F.R. Subpart A §§16.1-16.12 (2006). Absent regulations imposing an obligation on Defendants to forward Plaintiff's misdirected June 2005 FOIA, the Court should not impose such a obligation. See Nat'l Security Archive v. Executive Office of the President, 688 F. Supp. 29, 32 n.3 (D.D.C. 1988) (noting that "[a]bsent statutory provision [requiring forwarding FOIA requests], the Court is not inclined to imply such an obligation."); Hardy v. Dep't of Defense, 2001 WL 3434945, *10-11 (D. Ariz. Aug. 27, 2001) (after reviewing the agency's regulations, the court noted that the agency was not required to transfer plaintiff's FOIA request to the appropriate agency and granted summary judgment). Accordingly, under Defendants' regulations and the law, contrary to Plaintiff's assertion, Defendants did not need to transfer his June 2005 request to the NPRC.

**III.    Conclusion.**

For the foregoing reasons and those set forth in Defendants' Motion for Summary

Judgment, the Court should grant summary judgment in Defendants' favor and dismiss this case with prejudice.

Dated: March 30, 2007.                    Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on March 30, 2007, service of the foregoing <u>Defendants' Reply in Support of Motion for Summary Judgment</u> was made via First Class mail, with postage prepaid, to *pro se* Plaintiff addressed as follows:

Mr. Michael Trupei
R12743-004
FCC-Coleman Medium Security Prison
P.O. Box 1032
Coleman, FL 33521

                                  \_\_\_\_\_//s_____

                                  John C. Truong