UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                 )
MICHAEL TRUPEI,           )
                                 )
       Plaintiff,          )
                                 )
      v.                    )  Civil Action No. 06-1162 (PLF)
                                 )
DRUG ENFORCEMENT      )
ADMINISTRATION et al.,    )
                                 )
       Defendants.         )
_____)

MEMORANDUM OPINION

        In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Drug Enforcement Administration's ("DEA") failure to produce the letter of appointment of Special Agent Mark J. Bumar that he requested by letter of June 5, 2005. Defendants move for summary judgment.[1] Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion and enter judgment accordingly.

I. BACKGROUND

        Defendant's Statement of Material Facts [Dkt. No. 15-5], supported by the Declaration of Leila I. Wassom ("Wassom Decl."), is substantially undisputed.[2] In response

---

[1] Plaintiff has named as defendants the Department of Justice ("DOJ"), DOJ's Office of Information and Privacy and DEA, a DOJ component. Because the FOIA provides a cause of action only against Executive Branch departments and regulatory agencies, the Court finds DOJ to be the proper defendant and hereby substitutes DOJ as the sole defendant. See Sonds v. Huff, 391 F. Supp.2d 152, 155 (D.D.C. 2005) (granting DEA's motion to substitute) (Friedman, J.).

[2] Defendant subsequently corrects its misstatement (Facts ¶ 3) that plaintiff requested Special Agent Bumar's oath of office. See Def.'s Reply in Support of Motion for Summary Judgment [Dkt. No. 23] at 2, n.1 (acknowledging Bumar's letter of appointment as the subject of the request at issue).

to plaintiff's request received with the instant complaint filed on June 26, 2006, defendant queried DEA's personnel records system. Facts ¶ 7. It discovered that Special Agent Bumar had retired from federal service on February 22, 2003, and that his personnel files were sent to the National Personnel Record Center ("NPRC") in St. Louis, Missouri, on March 14, 2004. Id. ¶¶ 1-2. By letter of September 5, 2006, DEA informed plaintiff that "if [responsive] records exist, they would be maintained at the [NPRC] and are no longer in DEA's custody or control." Wassom Decl., Ex. I.

## II.  DISCUSSION

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P. In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

The Court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records. McGehee v. CIA, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980)). An agency is required to produce only those records in its custody and control at the time of the FOIA request. Id., 697 F.2d at 1110. When, as here, responsive records are not

located, the Court must determine whether the agency conducted an adequate search for records. A search is adequate if the agency demonstrates "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983); see Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325-26 (D.C. Cir. 1999); Blanton v. U.S. Dep't of Justice, 63 F. Supp.2d 35, 40-41 (D.D.C. 1999). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. Valencia-Lucena v. U.S. Coast Guard, 180 F.3d at 326 (citing Founding Church of Scientology v. National Security Agency, 610 F.2d 824, 837 (D.C. Cir. 1979)).

    Plaintiff does not challenge defendant's search, which the Court finds from the Wassom declaration to have been adequate under the circumstances. See Wassom Decl. ¶ 16. Rather, plaintiff asserts that DEA's untimely response to his FOIA request and its failure to forward the request to NPRC suggest agency bad faith. Pl.'s Objections to Defendants' Motion for Summary Judgment, Verified [Dkt. No. 18] at 4-10. Agency declarations are accorded "a presumption of good faith. . . ." Long v. U.S. Dep't of Justice, 450 F. Supp.2d 42, 54 (D.D.C. 2006) (citation and quotation omitted). To sustain his claim, plaintiff "must point to evidence sufficient to put the Agency's good faith into doubt." Ground Saucer Watch, Inc. v. C.I.A., 692 F.2d 770, 771 (D.C. Cir. 1981). Plaintiff cannot satisfy this burden because "initial delays in responding to a FOIA request are rarely, if ever, grounds for

3

discrediting later affidavits by the agency." Iturralde v. Comptroller of Currency, 315 F.3d 311, 315 (D.C. Cir. 2003) (citations omitted).[3] And, DEA had no statutory or regulatory obligation to forward plaintiff's request to another agency or agency component. See 28 C.F.R. §§ 16.1, 16.4 (limiting FOIA processing to DOJ records); National Sec. Archive v. Archivist of the U.S., 909 F.2d 541, 546 (D.C. Cir. 1990) ("[A]n entity that does not have 'possession or control' of requested documents [is not required] to forward a request to the appropriate entity.").

In the absence of any evidence of an improper withholding of responsive records or agency bad faith, the Court concludes that defendant has fulfilled its obligations under the FOIA and therefore is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 27, 2007

---

[3] Defendant has provided a plausible explanation as to why it failed before this lawsuit to treat plaintiff's request of June 5, 2005, as one separate from his earlier request of April 11, 2005, which sought the "authorization" of the person who administered Special Agent Bumar's oath of office (Def's Ex. A). See Def.'s Reply at 2; Wassom Decl. ¶¶ 6-13. No reasonable juror could find bad faith from defendant's "inadvertent mistake." Def.'s Reply at 2. Nor could bad faith be reasonably inferred from DEA's transfer of the record to NPRC because the transfer occurred more than a year before plaintiff's request and was pursuant to Special Agent Bumar's retirement from federal service. Cf. Boyd v. Criminal Div. of U.S. Dep't. of Justice, 475 F.3d 381, 391 (D.C. Cir. 2007) (documents' "destruction, if performed in accordance with specified guidelines, would not imply bad faith").